

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-14-00118-CR

---

PEGGY MCCLESKEY, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 43127-B

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Hoping to receive community supervision, Peggy McCleskey entered an open plea of guilty to the offense of possession of methamphetamine in an amount of 200 grams or more but less than 400 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(e) (West 2010). After receiving her written stipulation of evidence and judicial confession to the crime, the trial court sentenced McCleskey to thirty years' imprisonment. McCleskey appeals.

On appeal, McCleskey's attorney has filed a brief which sets out the procedural history and summarizes the evidence elicited during the course of the proceeding. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.[1] Counsel mailed to McCleskey a copy of the brief and the motion to withdraw on November 12, 2014, and informed her of her right to review the record and file a pro se

---

[1]"An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in the following appellate and postconviction habeas corpus matters: . . . (3) a habeas corpus proceeding if the court concludes that the interests of justice require representation." TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(3) (West Supp. 2014). Desiring to invoke this statute and to raise an ineffective assistance of counsel claim that cannot adequately be raised here on direct appeal, McCleskey's counsel has also filed a motion asking this Court to appoint him as counsel to assist McCleskey during a habeas corpus proceeding. *See Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) ("In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions."); *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005) (claims of ineffective assistance of counsel normally best left for habeas corpus proceedings). We deny the motion because Article 1.051(d) requires the trial court—not this Court—to decide whether the interests of justice require the appointment of counsel in a post-conviction habeas corpus proceeding. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d) (West Supp. 2014).

response. Counsel also certified that he "explained the process for obtaining the appellate record, provided a form Motion for Pro Se Access to the Appellate Record lacking only Appellant's signature and the date, and provided the mailing address for this Court." On November 14, 2014, we notified McCleskey that her pro se response was due on December 15, 2014. McCleskey has not filed the motion for access to the appellate record, has not filed a pro se response, and has not requested an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We affirm the trial court's judgment.[2]

Josh R. Morriss, III
Chief Justice

Date Submitted: February 3, 2015
Date Decided: February 4, 2015

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.